(No. 62331.—

*In re* DENNIS J. HOGAN, Respondent.

*Opinion filed March 19, 1986.*

Michael P. Seng, of Chicago, for respondent.

Daniel Drake, of Springfield, for the Administrator of the Attorney Registration and Disciplinary Commission.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On October 14, 1983, the Administrator of the Attorney Registration and Disciplinary Commission (Commission) filed a petition in this court seeking the interim suspension of respondent, Dennis John Hogan, who was licensed to practice law in Illinois on May 19, 1955. The Administrator alleged that the Inquiry Board of the Commission had voted four complaints against respondent charging the failure, in violation of Rule 6—101 of the Code of Professional Responsibility, to competently represent his clients. The court denied the Administrator's prayer for suspension and on its own motion transferred respondent to inactive status pending the court's consideration of matters pending before the Commission. On December 1, 1983, pursuant to Rules 758 and 760 (87 Ill. 2d Rules 758, 760), mental and physical examinations were ordered. On January 23, 1984, the Administrator filed a five-count complaint before the Hearing Board. Count I charged respondent with "a repeated failure to act competently" in violation of Rule 6—101(a)(1) of the Code of Professional Responsibility; and "intentional or habitual violation of established rules of procedure" in violation of Rule 7—106(b)(7), which conduct "tends to defeat the administration of justice and brings the courts and the legal profession into disrepute." The Hearing Board made findings and based its decision solely on count I, and concluded that it need not consider the four remaining counts. Therefore, we need not further consider them.

On April 4, 1984, the Hearing Board filed its report in which it found that respondent lacked the fundamental skill of drafting pleadings and briefs, and although

his deficiencies were remediable, respondent was incompetent to practice law and to properly represent clients. Although expressing doubt that disbarment was an appropriate remedy, the Hearing Board recommended that, for the protection of the public, respondent be disbarred, and upon being able to show further study and achievement of competence, apply for reinstatement pursuant to Rule 767 (94 Ill. 2d R. 767). Neither the Administrator nor respondent filed exceptions to the report of the Hearing Board, and pursuant to Rule 753(e)(1) (94 Ill. 2d 753(e)(1)) it was filed in this court. On October 4, 1984, the court denied the Administrator's motion to approve and confirm the report and recommendation of the Hearing Board and remanded the cause to the Review Board for further consideration. (94 Ill. 2d R. 753(e)(1).) On July 16, 1985, the Review Board affirmed the Hearing Board's recommendation of disbarment. The cause is before this court on respondent's exceptions. 94 Ill. 2d R. 753(e)(1).

The evidence presented by the Administrator consisted of 19 exhibits including pleadings filed in State and Federal trial courts, and briefs filed in reviewing courts. Respondent appeared *pro se* before the Hearing Board. The report of the Hearing Board states that respondent "did not testify but indulged in oral argument, much of which was incomprehensible."

The panel of the Hearing Board concluded, and the Review Board and both parties agree, that the nature of this case is *sui generis*. Although respondent has not acknowledged that the pleadings and briefs introduced into evidence by the Administrator are "incomprehensible," he contends that even if this court agrees that they are incomprehensible, there is no evidence of mental infirmity or disorder (87 Ill. 2d R. 758), his alleged deficiencies are remediable and, because his conduct involves no moral turpitude, disbarment is not an appropriate sanction.

The Administrator argues that the evidence clearly and convincingly proves that respondent has engaged in incompetent practice and that the hearing and review boards did not err in so finding. The Administrator further argues that the disbarment of respondent is warranted because he lacks rudimentary skills which he may never attain and that allowing respondent to continue to practice would disserve the public. Alternatively, the Administrator suggests that should the court feel that disbarment is inappropriate, suspension for five years and until further order of the court is necessary to protect the public; this discipline would provide respondent sufficient time to obtain the tutorial training necessary to enable him to properly serve the public.

"The purpose of a disciplinary proceeding is to safeguard the public and maintain the integrity of the legal profession." (*In re Levin* (1979), 77 Ill. 2d 205, 211.) Where the evidence shows neglect in the performance of an attorney's duties to a client, but no corrupt motive or moral turpitude is shown, suspension is an appropriate sanction. (*In re Taylor* (1977), 66 Ill. 2d 567, 571.) Although there is here no evidence of either a corrupt motive or moral turpitude, an examination of the briefs and pleadings drafted by respondent makes it clear that he is presently incapable of adequately serving the public.

The nature and cause of respondent's problem are somewhat difficult to ascertain. The reports of the physical and mental examinations ordered by the court indicate nothing of significance. He is a graduate of an accredited law school and has successfully completed a bar examination. Both of these accomplishments required that his writing be comprehensible. He appears to have practiced law for a number of years and presumably prepared pleadings and other documents before the problem developed. Nevertheless, the pleadings and briefs offered in evidence present the anomalous situation that portions

are adequately clear, while others merit the description, by the courts with whom they were filed, of "incomprehensible."

We are of the opinion that an attorney who, as the result of a disability, commits acts which constitute professional misconduct, should not bear the stigma of "the ultimate professional sanction" (*In re Snitoff* (1972), 53 Ill. 2d 50, 53) which is ordinarily imposed only for misconduct involving a corrupt motive or moral turpitude. The focus should be on remedying the defect without harming the public during the period of rehabilitation. In *In re Driscoll* (1981), 85 Ill. 2d 312, the evidence showed that the respondent had converted funds of clients during a period of time when he was an alcoholic. The record indicated that for some period of time he had abstained from alcoholic liquor and was making progress in the rehabilitation of his professional and personal life. Although it was concluded that the offense of conversion required a brief suspension, the court ordered respondent to enter into a probationary period under the supervision of the Commission. Subsequently, we adopted Rule 772 (94 Ill. 2d R. 772), which provides for probation and sets forth the qualifications and conditions required therefor, and for administration by the Administrator.

In view of the finding that respondent's conduct did not involve a corrupt motive or moral turpitude and that his disability is remediable, we find it desirable that an effort be made to remedy the disability and, after a probationary period, restore respondent to the status of a licensed attorney.

The Administrator is directed to confer with respondent and his attorney and prepare a plan designed to remedy respondent's disability. In the preparation of the plan the parties may enlist the services of teachers or such other professions and disciplines as may be necessary. During the period of rehabilitation respondent will

remain on inactive status. This court will retain jurisdiction, and when, in the opinion of the Administrator, respondent, or both, respondent has demonstrated competence sufficient to engage in the practice of law, either or both parties may petition for an order of probation pursuant to Rule 772.

The Administrator is further directed to report to the court within 90 days of the filing of this opinion the status of the plan and shall further report each six months thereafter the actions taken and the progress made.

*Jurisdiction retained.*