## In re Carlyle SHEPPERSON

[674 A.2d 1273]

No. 95-133

January 24, 1996. Respondent Carlyle Shepperson appeals the Professional Conduct Board's recommendation that he be disbarred for violating DR 6-101(A)(1) (lawyer shall not handle legal matter that lawyer is incompetent to handle) and DR 6-101(A)(2) (lawyer shall not handle legal matter without adequate preparation). We suspend respondent indefinitely until he can demonstrate that he is fit to practice law.

In June 1991, a justice of this Court not taking part in this decision filed a complaint with the Board concerning the quality of respondent's legal submissions. In March 1993, the Board and respondent entered into a remedial stipulation in which respondent agreed not to engage in the practice of law while he completed a legal writing tutorial. The stipulation provided that respondent would participate in periodic tutoring sessions to develop skills in legal analysis, persuasive writing techniques, writing organization, and use of legal authority, proper citation form, and proper formatting for memoranda and briefs. At the end of the tutorial program, which was to last for a minimum of six months, respondent was to prepare a ten-page legal writing sample and a self-written evaluation of his progress. Respondent was given until September 1, 1993 to report on his progress with the tutor. On September 15, 1993, respondent wrote bar counsel that he would not be completing the tutorial, and that he had left the United States for an indefinite period of time.

Bar counsel filed a petition of misconduct in June 1994, charging respondent with violating DR 6-101(A)(1) and (2). Respondent filed memoranda with the Board but did not appear for the disciplinary hearing held in December 1994. A majority of the Board adopted the hearing panel's recommendation that respondent be disbarred, with two dissenting members stating that they would suspend respondent indefinitely until he proved he was fit to practice law.

All members of the Board agreed with the hearing panel's findings that between 1985 and 1992 respondent repeatedly submitted legal briefs to this Court that were generally incomprehensible, made arguments without explaining the claimed legal errors, presented no substantiated legal structure to the arguments, and devoted large portions of the narrative to irrelevant philosophical rhetoric. The briefs contained numerous citation errors that made identification of the cases difficult, cited cases for irrelevant or incomprehensible reasons, made legal arguments without citation to authority, and inaccurately represented the law contained in the cited cases. All members of the Board also agreed with the hearing panel's conclusions that (1) respondent's briefs were not competently prepared and fell below the minimum standard for brief-writing expected of a practicing attorney in this state; (2) respondent failed to prepare adequately or give appropriate attention to his legal work; and (3) respondent did not use proper care to safeguard the interests of his clients.

A review of the exhibits in this case supports the Board's findings that respondent disserved his clients by preparing inadequate and incomprehensible legal briefs, in violation of DR 6-101(A)(1) and (2). Respondent's brief in this matter is a further example of the deficiencies noted by the Board. In over ninety pages, respondent fails to raise a legitimate legal issue or cite a single authority in support of his arguments. The gist of his ha-

rangue against the legal system is that the Board and this Court have violated his freedoms of speech and religion and limited his ability to think in diverse ways by dictating what is and what is not a proper legal argument. If we were to accept this argument, it would preclude any oversight of attorney competence in representing members of the public. Respondent may represent himself as he pleases, but he cannot be permitted to represent others in a manner that, under reasonable and accepted standards, fails to safeguard his clients' interests. Indeed, the primary purpose of the attorney disciplinary system is to protect the public. *In re Berk*, 157 Vt. 524, 532, 602 A.2d 946, 950 (1991); ABA Standards for Imposing Lawyer Sanctions, Standard 1.1, Commentary (1991).

The only real issue on appeal is whether respondent should be disbarred or suspended indefinitely.[*] According to the American Bar Association Standards, which we have found helpful in determining appropriate sanctions, see *Berk*, 157 Vt. at 532, 602 A.2d at 950, "Disbarment should be imposed on lawyers who are found to have engaged in multiple instances of incompetent behavior . . . [or] whose course of conduct demonstrates that they cannot or will not master the knowledge and skills necessary for minimally competent practice." Standard 4.51, Commentary. Here, respondent's course of conduct in filing several incomprehensible briefs over a period of seven years and his failure to follow through with the stipulated tutorial program designed to improve his skills demonstrate his inability or refusal to understand and apply fundamental legal doctrines and procedures. *Id.* Standard 4.51. Nevertheless, because there is no indication that respondent's conduct was intentional or based on corrupt motives, we adopt the

minority position of the Board and suspend respondent until he can prove that he is fit to practice law. See ABA Standard 9.32(b) (absence of dishonest or selfish motive is mitigating factor); cf. *In re Hogan*, 490 N.E.2d 1280, 1281-82 (Ill. 1986) (attorney's inability to draft comprehensible briefs, which does not involve corrupt motive or moral turpitude, warrants placement on inactive status during period of rehabilitation until competence to engage in practice of law is demonstrated). In no event, however, shall respondent's suspension be less than six months. See A.O. 9, Rule 7A(2); *id.* Rule 20B, D.

*Judgment that Carlyle Shepperson be suspended, effective upon issuance of this order, for not less than six months and until he has demonstrated to the satisfaction of this Court, via motion to the Professional Conduct Board, that he is fit to practice law in this state. The Board is empowered to require such further study and examination, oral or written, as it deems appropriate to the circumstances.*

---

[*] We grant respondent's motion to file an enlarged brief, but deny his motion to dismiss for lack of jurisdiction, which is without merit.