NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 32

No. 2015-250

In re Christena Obregon, Esq.

Supreme Court

Original Jurisdiction

From
Professional Responsibility Board

January Term, 2016

Jean Brewster Giddings, Chair

Kimberly Rubin, Disciplinary Counsel, Burlington, for Petitioner-Appellant.

Christopher L. Davis and Andrew J. Kestner of Langrock Sperry & Wool, LLP, Burlington, for Respondent-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.  **DOOLEY, J.**   This is an attorney disciplinary matter relating to licensee Christena Obregon's failure to timely file personal Vermont income tax returns for tax years 2006, 2008, 2009, and 2010. The Office of Disciplinary Counsel requests that we impose a sanction of a suspension because of licensee's allegedly false averments on her attorney licensing renewal statements for 2009 and 2011 that she was in good standing with respect to all taxes owed. We conclude that licensee made no misrepresentations on her attorney licensing renewal statement and that a public reprimand is a sufficient sanction for her failure to timely file her tax returns.

¶ 2.   The following facts of this case are undisputed. Licensee is an attorney licensed to practice in Vermont. She has admitted that she failed to timely file her Vermont income tax

returns for the years 2006, 2008, 2009, and 2010. Starting in 2007, she received repeated notices from the Vermont Department of Taxes informing her that she was not "in good standing" on account of her failure to file Vermont income tax returns. She did not respond to these notices and eventually the Department of Taxes notified the Court Administrator that licensee was not in good standing with respect to taxes under the definition in 32 V.S.A. § 3113(g).[1] The Court Administrator referred the matter to the Office of Disciplinary Counsel, which advised licensee that the notice from the Department of Taxes "clearly and convincingly establish[ed] that [she] did not file income tax returns with the State of Vermont for the tax years 2008 and 2009."

¶ 3.    Licensee eventually replied to disciplinary counsel[2] that she had paid all Vermont taxes that she owed, both personally and on behalf of her business, and contested all allegations of the Department of Taxes. She asserted that until she received the letter from disciplinary counsel she was unaware that she was not in good standing. She acknowledged the delays in filing her tax returns, but explained that due to two computer crashes, she had to reconstruct financial data from bank records. Additionally, because of a car accident in 2011, she alleged that she had suffered from post-concussion syndrome, which resulted in her taking a medical leave from work and affected her ability to properly manage her administrative responsibilities. She alleged that all these issues contributed to her delay in filing her tax returns. She also alleged that she had a satisfactory plan in place with the Department of Taxes to get her returns filed.

¶ 4.    The Department of Taxes continued to believe that licensee was not in good standing with respect to her tax obligations. They brought a civil collection action against her in the Chittenden Superior Court in April 2012. The action was settled and dismissed on February

---

[1] The consequences of such a determination are discussed beginning at infra ¶ 12.

[2] The case was actually prosecuted by the Deputy Disciplinary Counsel, who appeared in this Court as the representative for the Office of Disciplinary Counsel.

2

12, 2013, but the Department of Taxes continued to declare that licensee was not in good standing with respect to her taxes.

¶ 5. Notwithstanding the ongoing allegations that she had not filed her tax returns, on both June 30, 2009 and June 30, 2011, licensee electronically renewed her attorney license, certifying that she was in good standing with respect to "any and all taxes due to the State of Vermont." See A.O. 41, § 7.

¶ 6. In March 2013, disciplinary counsel filed with the Professional Responsibility Board (Board) a request for a finding of probable cause in connection with licensee's failure to file Vermont personal income tax returns for the years 2006, 2008, 2009, and 2010. Disciplinary counsel alleged that this failure constituted a violation of Vermont Rules of Professional Conduct 8.4(b), (c)(1) and (d) by her failure to do so and separately alleged that she had violated Rule 8.4(c) by wrongly certifying in her licensing statement that she was in good standing with respect to her Vermont tax obligations in 2009 and 2011. The assigned panel of the Board did not find probable cause with respect to licensee's alleged misrepresentation on her attorney licensing renewal statements, noting that the good standing issue "may have been more clear if specific reference to 32 V.S.A. § 3113(g) had been included on the attorney licensing statement." However, the panel did find probable cause that licensee violated Rule 8.4(c) of the Rules of Professional Conduct, which states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation," with respect to her failure to timely file her Vermont income tax returns for 2006, 2008, 2009, and 2010.

¶ 7. In April 2013, disciplinary counsel resubmitted a request for a finding of probable cause pertaining to licensee's alleged misrepresentation on her license renewal statement, and the panel once again voted not to find probable cause. Disciplinary counsel went forward to a formal proceeding based on a violation of Rule 8.4(c) for which the panel had found probable cause.

3

¶ 8.     In February 2015, the parties entered into a stipulation of facts, and a joint recommendation that the panel find that licensee had violated Rule 8.4(c) by failing to timely file her tax returns and that a public reprimand was warranted.  The stipulation of facts contained the following paragraph:

> For each of the tax years in question, Respondent did not owe any taxes, and in some years she was entitled to a refund.  Any monies paid were the result of penalties, late fees and interest on those fees.

¶ 9.     The panel accepted both the stipulation and recommendation in July 2015 and imposed a public reprimand.

¶ 10.    This Court ordered review of the panel's decision on its own motion.  See A.O. 9, Rule 11(E).  We requested briefing on two issues: (1) the effect in this case of filing an attorney license renewal form certifying that a licensee is in good standing with respect to the payment of all state taxes; and (2) whether, in this case, a suspension of licensee, as urged by the Office of Disciplinary Counsel, is appropriate.  We affirm the panel's determination that disciplinary counsel did not show probable cause to find that licensee wrongfully certified she was in good standing with respect to her tax obligations and further conclude that a public reprimand, rather than a suspension, is the appropriate sanction.

¶ 11.    On review, we must accept "the Panel's findings unless they are clearly erroneous."  In re Farrar, 2008 VT 31, ¶ 5, 183 Vt. 592, 949 A.2d 438; A.O. 9, Rule 11(E).  In this case, because of the stipulation of facts, there is no conflict as to the applicable facts on which the panel's decision was made.[3]  The panel's findings, "whether purely factual or mixed legal and factual, are upheld if they [are] clearly and reasonably supported by the evidence. "  In

---

[3]  The panel's probable cause decision was made ex parte based on facts presented by the prosecutor.  Nevertheless where, as here, the parties have entered into a stipulation of facts that controls the decision on the merits, the probable cause determination has been overtaken by later events.  Even if the panel's decision on probable cause with respect to the license renewal statements was erroneous, the stipulation of facts and the admissions of the prosecutor establish that disciplinary counsel cannot prove that licensee misrepresented her tax status on the licensing statements.  In essence, we are reaching the same result as the panel but on different grounds.

re Berk, 157 Vt. 524, 527, 602 A.2d 946, 947 (1991) (quotation omitted). We make our own determination as to which sanctions are appropriate, but we nevertheless "give deference to the Board's recommendation." In re Anderson, 171 Vt. 632, 634, 769 A.2d 1282, 1284 (2000) (mem.); see also In re Karpin, 162 Vt. 163, 173, 647 A.2d 700, 706 (1993) ("Although the Board's recommended sanction of disbarment is not binding upon this Court, it is accorded deference.").

¶ 12. We begin by examining Administrative Order 41, which governs the licensing of attorneys. Section 7 states that the attorney licensing statement shall include "a certification that the attorney is in good standing with respect to any and all taxes due to the State of Vermont." A.O. 41, § 7. An individual is authorized to certify and sign the statement if the individual meets any of the following conditions in § 8:

> An attorney is in good standing with respect to any and all taxes due to the State of Vermont if the attorney:
> (a) has paid all taxes due to the State of Vermont;
> (b) has entered into an agreement with the Commissioner of Taxes for becoming current on an unpaid tax obligation;
> (c) has appealed the alleged obligation;
> (d) has requested the Commissioner of Taxes to abate the unpaid tax claim for good cause; or
> (e) has filed a court challenge to the claim.

¶ 13. The provision with respect to taxes on the licensing statement was adopted to implement 32 V.S.A. § 3113. See Vt. Supreme Court Order, adopted Jan.19, 1993, effective Mar. 1, 1993 (adopting amendment to Rule on Licensing of Attorneys). Section 3113(b) provides in the pertinent part:

> No agency of the State shall grant, issue, or renew any license or other authority to conduct a trade or business (including a license to practice a profession) . . . unless such person shall first sign a written declaration under the pains and penalties of perjury that the person is in good standing with respect to or in full compliance with a plan to pay any and all taxes due as of the date such declaration is made.

Subsection (f) provides:

5

Upon written request by the Commissioner and after notice and hearing to the licensee as required under any applicable provision of law, an agency shall revoke or suspend any license or other authority to conduct a trade or business (including a license to practice a profession) issued to any person if the agency finds that taxes administered by the Commissioner have not been paid and that the taxpayer's liability for such taxes is not under appeal. For purposes of such findings, the written representation to that effect by the Commissioner to the agency shall constitute prima facie evidence thereof.

In 1991, the Legislature added subsection (h), which made a statement subscribed to under the section and not "true and correct as to every material matter" a felony. See 1991, No. 67, § 2.

¶ 14. When originally enacted, § 3113(g) contained the definition of good standing contained in § 8 of Administrative Order 41, as quoted above. See 1985, No. 263 (Adj. Sess.), § 4. In 1997, however, the Legislature amended § 3113(g)(1) to read: "(1) no taxes are due and payable and all returns have been filed" (emphasis added); 1997, No. 50, § 9. Administrative Order 41 was not updated to capture this addition.[4]

¶ 15. The parties agreed at oral argument that the definition of "in good standing" in Administrative Order 41, rather than in 32 V.S.A. § 3113(g), governs this case. By its plain text, Administrative Order 41 contains no requirement that an attorney timely file all returns to be considered in good standing with respect to taxes. If a statute or other judicial or legislative directive is unambiguously clear on its face, then it is not construed, but "enforced in accordance with its express terms." Sanders v. St. Paul Mercury Ins. Co., 148 Vt. 496, 504, 536 A.2d 914, 918 (1987) (quotation omitted); see also Smith v. Town of St. Johnsbury, 150 Vt. 351, 355, 554 A.2d 233, 237 (1988) ("Where the meaning of the words chosen is plain, we must give effect to the words chosen."). The disciplinary counsel urges that we read the requirement to timely file tax returns into the good standing definition in § 8 of Administrative Order 41, but we find no room in the plain meaning of the text for such an addition. Indeed, the Legislature's addition of

---

[4] Given the purpose to implement 32 V.S.A. § 3113, the failure to capture the change in the definition of good standing was apparently an oversight.

the timely filing requirement to the definition of good standing in § 3113(g) is strong evidence that the concept was not in the preexisting text.

¶ 16.     In light of the wording of § 8 of Administrative Order 41, licensee committed no violation.  The parties stipulated that although licensee failed to make timely filings of returns, she "did not owe any taxes" and in fact, for some of the tax years, was "entitled to a refund."[5] To that end, at the moment licensee made the certifications in question, she had in fact "paid all taxes due to the State of Vermont."  It is irrelevant, as disciplinary counsel suggested at oral argument, that licensee did not know if she owed taxes when she made the certifications because she had not filed any returns.  The order contains no language suggesting that an attorney's mental state is determinative of whether or not they are in good standing, and we see no reason to impose such a requirement here.

¶ 17.     We therefore conclude that under the plain language of Administrative Order 41 licensee was in good standing with respect to all taxes owed to Vermont in 2009 and 2011. Because she made no misrepresentation when electronically renewing her attorney license, we affirm the panel's finding of no probable cause on the charge arising from her certification on the licensing renewal.

¶ 18.     We next consider whether the sanction imposed by the panel—a public reprimand—is the appropriate sanction.  The parties agreed to that sanction, and the panel imposed it, but our order of review specified that the parties should address whether suspension is a more appropriate sanction.  In reaching the stipulation, the parties agreed to two mitigating factors—personal problems and remorse—and three aggravating factors—a prior disciplinary offense, a pattern of misconduct, and substantial experience in the practice of law.  Disciplinary counsel has taken the position that suspension is the appropriate sanction if licensee misrepresented her tax standing on her licensing statement but has otherwise supported the

_____

[5]   Disciplinary counsel conceded at oral argument that penalties, late fees, or interest should not be considered taxes for purposes of § 8 of Administrative Order 41.

stipulation. Because we find that licensee made no misrepresentations and in consideration of the mitigating factors licensee has presented, we agree with the parties that a public reprimand is sufficient in this case.

¶ 19. In 1999, the Vermont Supreme Court adopted the Rules of Professional Conduct, which were based upon the American Bar Association's Model Rules of Professional Conduct. The American Bar Association's Standards for Imposing Lawyer Sanctions (ABA Standards) guide our disciplinary sanctions. In re Fink, 2011 VT 42, ¶ 35, 189 Vt. 470, 22 A.3d 461. The purpose of sanctions is not "to punish attorneys, but rather to protect the public from harm and to maintain confidence in our legal institutions by deterring future misconduct." In re Hunter, 167 Vt. 219, 226, 704 A.2d 1154, 1158 (1997); see also In re Warren, 167 Vt. 259, 263, 704 A.2d 789, 792 (1997) ("Sanctions are intended to protect the public from lawyers who have not properly discharged their professional duties and to maintain public confidence in the bar.").

¶ 20. The Vermont Rules of Professional Conduct specifically provide that "[e]very lawyer is responsible for observance of the Rules of Professional Conduct." V.R.Pr.C., Preamble. Rule 8.4(c) prohibits lawyers from "engag[ing] in conduct involving dishonesty, fraud, deceit and/or misrepresentation." Generally, the rule prohibits lawyers from engaging in unethical conduct "that calls into question an attorney's fitness to practice law." In re PRB Docket No. 2007-046, 2009 VT 115, ¶ 9, 187 Vt. 35, 989 A.2d 523. We added in PRB Docket No. 2007-046 that "many kinds of illegal conduct reflect adversely on fitness to practice law, such as . . . the offense of willful failure to file an income tax return." Id. ¶ 13 (quotation and citation omitted).

¶ 21. Failure to file an income tax return is a crime. 32 V.S.A. § 5894(b). In In re Calhoun, we noted that the failure to file income tax returns is professional misconduct because "not only [is it] a failure to perform a duty imposed by law on income-earning citizens generally, it is a breach of responsibility that tends to discredit the legal profession which the respondent, as

a member of the bar, is obligated to uphold with strict fidelity." 127 Vt. 220, 220, 245 A.2d 560, 560 (1968) (per curiam).

¶ 22. We turn to the ABA Standards. ABA Standard § 5.1 provides that sanctions are generally appropriate in cases involving conduct "that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer." Section 5.12 states that suspension is appropriate when a lawyer knowingly engages in non-serious conduct that "seriously adversely reflects on the lawyer's fitness to practice." Further, § 7.2 notes that suspension is also an appropriate sanction "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to . . . the legal system."

¶ 23. The ABA Standards provide four factors for a court to consider in determining the discipline to impose in the individual case: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of any aggravating or mitigating factors. ABA Standards § 3.0(a)–(d). The ABA Standards generally impose a duty upon attorneys to maintain personal integrity. ABA Standard § 5.1. The specific duty violated is expressed in Calhoun above. Licensee stipulated that she intentionally and/or knowingly failed to timely file her personal income tax returns, a fact evidenced by her seeking an extension for filing of a return in 2007. There is no indication that licensee's conduct caused any injury or potential injury to any client. Under the Calhoun standard, her actions injured the legal profession.

¶ 24. With regard to the fourth factor, we evaluate all aggravating and mitigating factors before imposing any sanctions. Aggravating factors may include "prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, refusal to acknowledge wrongful nature of conduct, vulnerability of [the] victim, and substantial experience in the practice of law." ABA Standard § 9.22; see also In re Warren, 167 Vt. at 261,

704 A.2d at 791; In re Blais, 174 Vt. 628, 630, 817 A.2d 1266, 1269 (2002). As stated above, licensee stipulated to three aggravating factors. See ABA Standard § 9.22(a).

¶ 25. Mitigating factors may include "absence of prior disciplinary record, absence of dishonest or selfish motive, personal or emotional problem, timely effort to rectify consequences of the misconduct, character or reputation, remorse, and inexperience in the practice of law." ABA Standard § 9.32(c). The parties stipulated that in addition to expressing remorse for her failure to file, licensee faced multiple personal and technological setbacks, including a serious car accident and a series of computer crashes.

¶ 26. The panel acknowledged that licensee's conduct could warrant a suspension, especially because the conduct could have been charged as a crime and prior cases involved suspensions for similar conduct. It accepted the recommendation of a public reprimand because of the weight of the mitigating factors concerning licensee's health and computer problems. In accordance with the deference we extend to the panel's sanction and our own acknowledgement of the relevant factors, we agree with the stipulated recommendation of a public reprimand.

Affirmed.

FOR THE COURT:

_____
Associate Justice

10