## In re Thomas B. Bailey, Esq.

[599 A.2d 1049]

No. 90-543

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 11, 1991

*Wendy S. Collins*, Bar Counsel, Montpelier, for Plaintiff-Appellee.

*Paul D. Jarvis* of *Jarvis & Kaplan*, Burlington, for Defendant-Appellant.

**Per Curiam.** In November, 1989, respondent was notified by the Professional Conduct Board of a complaint against him for withholding money owed to an insurance company for several years, and for issuing from his attorney trust account a check that bounced. After months of prompting from the Board to resolve the complaint and the receipt of another complaint of a bounced check from the trust account, respondent admitted he had commingled personal and client funds in the account. He also repeatedly refused to allow the Board's bar counsel to inspect his records.

In July, 1990, respondent was charged with professional misconduct for noncooperation with the Board's investigation. A.O. 9, Rule 6D; DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice). A timely answer was not forthcoming, and respondent defaulted. He did, however, present evidence to mitigate his misconduct to the Board.

At a sanction hearing before the Board, respondent explained that he had become dysfunctional due to depression and illness, but would begin to cooperate with the investigation of his handling of client funds.

On November 26, 1990, the Board reported to this Court, recommending:

> The sanction of a public reprimand be imposed for Respondent's failure to cooperate in violation of DR 1-102(A)(5) and Rule 6D of A.O. 9, and further that Respondent be placed on probation for six (6) months under Rule 19 with the following conditions: (1) that he not engage in the practice of law until he produces appropriate documentation providing clear and convincing evidence that he is fit to practice law; (2) that he forthwith produce all materials requested by Bar Counsel; and (3) that he sub-

mit to independent, appropriate medical examination at his own expense upon request of Bar Counsel.

Respondent appealed.

Bar counsel requests that we suspend respondent until he cooperates with the investigation and demonstrates to the Board his fitness to practice law. She emphasizes that the record before us discloses that the status of respondent's attorney trust account is still in doubt and that respondent has not provided sufficient information to permit the Board to assess the integrity of that account and respondent's use of it.

On appeal, respondent asserts that he is presently fit to practice law because of his twice weekly participation in counseling sessions since early 1990, and the implementation of certain measures to assure that his client trust account is properly used. There is no support for these assertions in the record before us. Yet respondent urges us to allow him to continue practicing law.

A central problem with respondent's position is his unwillingness or inability to disclose fully to the Board the history of transactions in his client trust account and to allow the Board to assess the integrity of the account and his ability to handle his financial responsibilities in the future. We have no assurance that respondent is presently fit to continue to practice law.

■ The Board's probation approach is in our opinion inadvisable for several reasons. First, if respondent does not cooperate with the Board, and the known status of his practice is the same in six months as it is today, respondent's right to practice law could resume without the Board being able to assess his fitness to practice. We realize probation may be renewed upon notice and hearing, A.O. 9, Rule 19A, but we believe the burden to demonstrate fitness to practice law, given this record, should be on respondent.

■ Second, probation should be imposed only when "there is little likelihood that the respondent will harm the public during the period of probation and the conditions of probation can be adequately supervised." A.O. 9, Rule 19A. This record does not support either finding, because respondent has not demonstrated that his accounting system adequately protects client funds or that he can be adequately supervised given his past failure to cooperate with the Board.

■ *Respondent is suspended from the practice of law until he complies with A.O. 9, Rule 20B (practice may be resumed upon proof of compliance with requirements of suspension order). For purposes of A.O. 9, this suspension shall be considered one "less than six months." Rule 20B. The requirements of this suspension order are as follows:*

*(1) Respondent shall provide the Board with sufficient evidence of the history of his attorney trust account since January 1, 1986, to satisfy it that the integrity of the account, including the procedures and safeguards used to protect client funds, is sufficiently secure to justify respondent's continued practice of law.*

*(2) Respondent shall provide the Board with sufficient medical evidence to satisfy it that he is physically and mentally able to practice law.*

*Respondent is advised he must comply with A.O. 9, Rule 21.*