In re Thomas **BAILEY**, Esq.

[750 A.2d 1024]

No. 99-535

February 23, 2000. Pursuant to the recommendation of the Professional Conduct Board filed December 6, 1999, and approval thereof, it is hereby ordered that Thomas Bailey, Esq. be publicly reprimanded and placed on probation for two years for the reasons set forth in the conclusions of law section of the Board's report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E. The period of probation shall commence on March 1, 2000.

### JOINT RECOMMENDATION AS TO CONCLUSIONS OF LAW

NOW COME the Office of Bar Counsel and the respondent, by and through the undersigned, and join to recommend that the Professional Conduct Board reach the following conclusions of law:

A.  *PCB File No. 99.119*

1. DR 1-102(A)(7) states that a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law.

2. The respondent's failure to file the divorce paperwork that his client had signed and asked him to file adversely reflects on his fitness to practice law.

3. DR 6-101(A)(3) of the Code of Professional Responsibility states that a lawyer shall not neglect a legal matter entrusted to him.

4. By failing to file the divorce paperwork that his client had signed and asked him to file, the respondent violated DR 6-101(A)(3) by neglecting a legal matter entrusted to him.

B.  *PCB File No. 99.29*

5. DR 6-101(A)(3) of the Code of Professional Responsibility states that a lawyer shall not neglect a legal matter entrusted to him.

6. The respondent violated DR 6-101(A)(3) of the Code of Professional Responsibility by failing to complete the closing statements and by failing to prepare and record a deed reflecting that Kenneth Morgan and David Brewer had purchased the property at 115 Winslow Lane in Williston, Vermont.

7. The respondent violated DR 6-101(A)(3) by taking ten months to make a final accounting of the closing to pay Kenneth Morgan and David Brewer the amount that they were due.

8. DR 1-102(A)(7) states that a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law.

9. The respondent violated DR 1-102(A)(7) of the Code of Professional Responsibility by failing to complete the closing statements and by failing to prepare and record a deed reflecting that Kenneth Morgan and David Brewer were the record owners of a property that they purchased in June of 1998.

10. The respondent violated DR 1-102(A)(7) by taking ten months to make a final accounting of the closing and to pay Kenneth Morgan and David Brewer the amount that they were due.

11. DR 9-102(B)(4) of the Code of Professional Responsibility states that a lawyer shall promptly pay or deliver to a client any funds or properties in the lawyer's possession that the client is entitled to receive.

12. The respondent violated DR 9-102(B)(4) of the Code of Professional Responsibility by failing to promptly deliver the file to Attorney Bergeron on behalf of Mr. Morgan and by failing to promptly pay to Mr. Morgan and Mr. Bergeron the money that they were due from the real estate transaction.

13. Administrative Order 9, Rule 6D requires a lawyer to respond to requests from the Office of Bar Counsel.

14. DR 1-102(A)(5) of the Code of Professional Responsibility states that a lawyer shall not engage in conduct that is prejudicial to the administration of justice.

15. The respondent violated A.O. 9, Rule 6D and DR 1-102(A)(5) by failing to respond to the letter dated January 18, 1999, in which the Office of Bar Counsel asked him to answer Mr. Morgan's complaint.

**C** *PCB File No. 97.08*

16. DR 6-101(A)(3) of the Code of Professional Responsibility states that a lawyer shall not neglect a legal matter entrusted to him.

17. By missing court dates and failing to advise his client to appear as required, the respondent neglected his client's divorce case and, in so doing, violated DR 6-101(A)(3).

18. Administrative Order 9, Rule 6D requires a lawyer to respond to requests from the Office of Bar Counsel.

19. DR 1-102(A)(5) of the Code of Professional Responsibility states that a lawyer shall not engage in conduct that is prejudicial to the administration of justice.

20. The respondent violated DR 1-102(A)(5) by taking nine months to respond to the Office of Bar Counsel's repeated requests that he answer the complaint that he had neglected Ms. Yetto's divorce.

**D** *PCB File Nos. 96.55 & 96.71*

21. DR 6-101(A)(3) of the Code of Professional Responsibility states that a lawyer shall not neglect a legal matter entrusted to him.

22. By taking nearly seven months to have his client's wife served, the respondent neglected the divorce case entrusted to him by a client and, in so doing, violated DR 6-101(A)(3).

23. DR 1-102(A)(7) states that a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law.

24. By bouncing a check to the McHenry County Sheriff's Office and then taking seven months to make good upon the check, the respondent violated DR 1-102(A)(7) by engaging in conduct that adversely reflected on his fitness to practice law.

25. Administrative Order 9, Rule 6D requires a lawyer to respond to requests from the Office of Bar Counsel.

26. DR 1-102(A)(5) of the Code of Professional Responsibility states that a law-

yer shall not engage in conduct that is prejudicial to the administration of justice.

27. The respondent violated DR 1-102(A)(5) by failing to comply with the Office of Bar Counsel's request that he produce financial records.