## In re Thomas BAILEY, Esq.

[800 A.2d 493]

No. 02-228

May 31, 2002. Attorney Thomas Bailey filed an affidavit of resignation pursuant to Rule 19(A) of Administrative Order No. 9. Disciplinary counsel submitted an additional statement of facts. Thomas Bailey's resignation from the Bar of the Vermont Supreme Court is accepted subject to the terms and conditions of Administrative Order No. 9, Rule 19. It is hereby ordered that Thomas Bailey is disbarred from the office of attorney and counselor at law.

Thomas Bailey is reminded that he must comply with A.O. 9, Rule 23.

## AFFIDAVIT IN SUPPORT OF RESIGNATION FROM THE PRACTICE OF LAW

Pursuant to Rule 19, Administrative Order No. 9 of the Administrative Orders of the Vermont Supreme Court, the undersigned, Thomas B. Bailey, in the resolution of the above matter, do hereby depose and state:

1. During July, 1998, Scott Miller was injured in a three car accident and then contacted me to represent him in pursing a claim against the drivers and owners of the other two vehicles. I agreed, on numerous occasions, to pursue the claims for Scott Miller but I failed to do so. The statute of limitations ran out on Mr. Miller's claim before I filed suit. Then Mr. Miller complained to the Professional Conduct Board in November, 2001.

2. The terms of my probation dated October 1, 1999 provided that I be mentored by an attorney approved by the Office of Bar Counsel. During the beginning of 2001, I was mentored by Edward Kenney, Esq. However, I failed to cooperate with the mentoring program requirements set forth in the terms of my probation in that I did not supply Mr. Kenney with enough information concerning my cases and I did not provide him with the required monthly status reports. As a result Mr. Kenney appropriately resigned as my mentor by letter dated November 1, 2001, and I failed to find a replacement mentor as the terms of my probation required.

3. This resignation is freely and voluntarily rendered. I am not being subjected to coercion or duress in submitting my resignation. I am fully aware that my resignation will result in my disbarment and that I am not eligible to apply for read-

mission to practice law for at least 5 years.

4. The facts set forth in paragraphs 1 and 2 above constitute provable misconduct and, since they are true, can not be successfully defended against.

## STATEMENT OF FACTS

NOW COMES Disciplinary Counsel Michael Kennedy and, pursuant to Rule 19(B) of Administrative Order 9 submits this statement of facts in conjunction with the Affidavit of Resignation that has been submitted by the Respondent.

*I General*

1. Thomas Bailey (hereinafter "Respondent") is an attorney licensed to practice law in Vermont. The Respondent was admitted to practice law in Vermont in October of 1977.

2. On February 4, 2002, Disciplinary Counsel filed a Petition of Misconduct charging the Respondent with violating the Vermont Rules of Professional Conduct. Disciplinary Counsel attempted to serve the petition on the Respondent by certified mail — return receipt requested — sent to an address that the Respondent had provided Disciplinary Counsel. The Respondent did not claim the petition, and it was returned to Disciplinary Counsel. On March 6, 2002, a deputy sheriff made personal service of the petition on the Respondent.

3. The Respondent did not file an answer to the petition. As a result, Disciplinary Counsel moved the Panel to deem that the Respondent had admitted the charges alleged in the petition. Disciplinary Counsel served the motion on the Respondent. Respondent neither replied to the motion nor provided the Panel with any explanation for his failure to respond to the petition. By order dated April 1, 2002, the Panel granted Disciplinary Counsel's motion.

*II Respondent's Disciplinary History*

4. In 1991, the Vermont Supreme Court suspended Respondent's license to practice law in Vermont. *In re Bailey*, 157 Vt. 424, 599 A.2d 1049 (1991). The suspension resulted, in part, from the Respondent's failure to respond to requests from disciplinary authorities. In 1992, the Vermont Supreme Court placed the Respondent on disciplinary probation for two years. *In re Bailey*, 158 Vt. 636, 602 A.2d 559 (1992) (mem.).

5. In 2000, the Vermont Supreme Court publicly reprimanded the Respondent and placed him on disciplinary probation. *In re Bailey*, 170 Vt. 616, 750 A.2d 1024 (2000) (mem.). In so doing, the Court adopted the Professional Conduct Board's conclusions that the Respondent had committed multiple violations of the Code of Professional Responsibility. *Id.* at 616-17, 750 A.2d at 1024-25. Most relevant to this case, the Court adopted the Board's conclusion that the Respondent had neglected legal matters entrusted to him by four separate clients and had engaged in conduct prejudicial to the administration of justice by failing to respond to requests from disciplinary authorities. *Id.* The Court ordered the disciplinary probation to commence on March 1, 2000, and to run for two years. *Id.* at 616, 750 A.2d at 1024.

*III The Respondent's Disciplinary Probation*

6. As a condition of his disciplinary probation, the Respondent was required to associate with a mentoring attorney and to provide that at-

torney with a monthly status report on each of his files. The Respondent also was required to refrain from violating the applicable rules governing attorney conduct in Vermont.

7. Attorney Ted Kenney associated with the Respondent and served as his mentoring attorney. Initially, Respondent met with Attorney Kenney on a periodic basis and provided him with status reports outlining how his practice was operating. In 2001, the Respondent stopped meeting with Attorney Kenney and stopped providing him with monthly status reports. By letter dated November 28, 2001, Attorney Kenney informed Disciplinary Counsel that he had not heard from the Respondent in several months and, as a result, was no longer willing to serve as his mentor.

8. By letter dated January 16, 2002, Disciplinary Counsel asked the Respondent to contact him to discuss, among other things, Attorney Kenney's letter. The Respondent did not respond to the letter.

*IV The Respondent's Representation of Scott Miller*

9. In July of 1998, Scott Miller was involved in a multi-car accident. Mr. Miller suffered physical injury in the accident. Mr. Miller incurred financial loss and expense as a result of the accident.

10. In July of 1998, Mr. Miller retained the Respondent to represent him in an action that he intended to pursue against the other two drivers who were involved in the accident.

11. Between July of 1998 and the fall of 2000, the Respondent had little contact with Mr. Miller. In the fall of 2000, Mr. Miller called the Respondent and told him that he was going to report him to the Bar Association for neglecting his case. The Respondent told Mr. Miller that he was ready to file a lawsuit in Chittenden Superior Court against the other drivers who were involved in the 1998 accident. The Respondent told Mr. Miller that the process could take up to four months. The Respondent told Mr. Miller that he would call to update him on the progress of the case. The Respondent asked Mr. Miller not to report him to bar authorities. As a result of the Respondent's statements, Mr. Miller did not file an ethics complaint against him.

12. By June of 2001, the Respondent had not contacted Mr. Miller. In June of 2001, Mr. Miller expressed to the Respondent his concerns that the time to pursue his claims was running out. The Respondent told Mr. Miller that his concerns were baseless because he (the Respondent) had filed a complaint against the other drivers in the Chittenden Superior Court. In fact, the Respondent had not filed suit on behalf of Mr. Miller.

13. Since they spoke in June of 2001, the Respondent has not contacted Mr. Miller. In November of 2001, Mr. Miller contacted the Chittenden Superior Court. He was informed that the Court did not have any record of a complaint filed on his behalf.

14. Mr. Miller consulted Attorney William Congleton. Attorney Congleton determined that the statute of limitations had run on Mr. Miller's claims against the drivers who were involved in the 1998 auto accident. Attorney Congleton has filed a malpractice action against the Respondent on behalf of Mr. Miller. The complaint was served upon the Respondent. The Respondent did not answer the complaint within the requisite time period. Attorney

Congleton intends to move for a default judgment. At this point, it is unclear whether Mr. Miller will be able to recover any damages from the Respondent.

15. In November of 2001, Mr. Miller filed an ethics complaint against the Respondent. By letter dated November 16, 2001, Bar Counsel Wendy Collins instructed the Respondent to provide Disciplinary Counsel with an answer to Mr. Miller's complaint. By letter dated January 16, 2002, Disciplinary Counsel asked the Respondent to respond to Mr. Miller's complaint. To date, the Respondent has not done so.