2004 VT 71

**In re Robert ANDRES, Esq.**

[857 A.2d 803]

No. 02-428

¶ 1. August 6, 2004. Respondent, Robert Andres, Esq., appeals a Professional Responsibility Board decision that he violated Rule 1.3 of the Vermont Rules of Professional Conduct by failing to attend a pretrial hearing and to respond to a motion for summary judgment. We adopt the Professional Responsibility Board's ruling and suspend respondent for a period of two months.

¶ 2. Respondent was assigned to represent Andres Torres in a post-conviction relief (PCR) petition arising out of Torres's 1997 guilty plea to a second offense of domestic assault. Torres was represented by counsel other than respondent when he entered his guilty plea. The information charging Torres with second offense domestic assault relied on an alleged 1995 domestic assault conviction. That charge had, in fact, been dismissed; there was no conviction. Torres therefore pled guilty to a second offense of domestic assault even though he lacked a conviction for a first offense.

¶ 3. On July 20, 2000, Torres filed a PCR petition pro se arguing that his conviction for second offense domestic assault was unlawful because he lacked the necessary prior domestic assault conviction. Respondent was assigned to represent Torres in the PCR matter and, on October 17, 2000, filed an amended PCR petition on Torres's behalf. He then engaged in a reasonable investigation of Torres's case, including speaking with Torres's prior counsel and listening to the taped change of plea hearing.

¶ 4. In June 2001, respondent received a Notice of Hearing scheduling a pretrial conference in Torres's PCR matter. Respondent failed to attend the pretrial conference. In July 2001, the State filed a motion for summary judgment seeking to dismiss Torres's PCR petition. Respondent failed to file a response to the State's motion, nor did he move the court for permission to withdraw from representing Torres. In September 2001, the court granted the State's motion for summary judgment dismissing Torres's PCR petition with prejudice. Respondent notified Torres of the dismissal in an undated letter. Torres obtained new court-appointed counsel and appealed the summary judgment ruling to this Court.

¶ 5. After pleading guilty in 1997, Torres was sentenced by Judge Jenkins. At some point during his engagement with Torres, respondent became aware that Judge Jenkins was also presiding over his PCR petition. In an undated letter, Torres informed respondent of this fact saying, "P.S. I've just now realized that Judge Jenkins was the judge who sentenced me on the charges that I am now serving time for, and the charge in question. Can he preside over my P.C.R. without bias? I doubt it." Because respondent had not attended the pretrial conference, he was never confronted with Judge Jenkins's presence in the case. Respondent testified that he knew 13 V.S.A. § 7131 prohibited the sentencing judge from hearing a subsequent PCR petition in the same matter. At no time, however, did he seek to have Torres's PCR petition reassigned.

¶ 6. When Torres appealed with new counsel to this Court, the parties stipulated to vacating the summary judgment ruling and remanding the case for consideration on the merits by a different judge. Torres's new attorney then filed an opposition to the State's summary judgment motion.

¶ 7. In October 2002, Torres filed a complaint against respondent with the Professional Responsibility Program al-

leging misconduct in the handling of his PCR petition. Respondent was charged with violating Rules 1.2(a) (failure to abide by a client's decision concerning the objectives of representation), 1.3 (failure to act with reasonable diligence and promptness), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The alleged misconduct consisted primarily of respondent's failure to attend a pretrial conference and to file a response to the State's summary judgment motion.

¶ 8. The matter was heard by a hearing panel of the Professional Responsibility Board. After reviewing the evidence, the Board found that respondent violated Rule 1.3 when he neglected to attend the pretrial conference and intentionally abandoned his client's case by failing to file an opposition to the State's summary judgment motion. Charges based on Rules 1.2(a) and 8.4(d) were dismissed. The Board recommended that he be suspended from the practice of law for a period of two months. Respondent appeals.

¶ 9. "On review, this Court must accept the Panel's findings of fact unless they are clearly erroneous." *In re Blais*, 174 Vt. 628, 629, 817 A.2d 1266, 1269 (2002) (mem.); A.O. 9, Rule 11(E). We will uphold the Board's findings — whether they are pure fact or mixed questions of law and fact — if they are "clearly and reasonably supported by the evidence." *In re Berk*, 157 Vt. 524, 527, 602 A.2d 946, 947 (1991) (internal citation omitted).

¶ 10. Respondent does not dispute that he failed to attend the pretrial conference or to file a response to the State's summary judgment motion. Rather, he argues that he was justified in not responding to the State's motion because his client's argument had no merit. He also insists that, had he filed a response when there was no likelihood of success, he would have violated V.R.C.P. 11.

¶ 11. The evidence is to the contrary, however. There are several arguments respondent could have made to oppose summary judgment without violating V.R.C.P. 11. First, he could have challenged the factual inaccuracies of the information under which Torres was charged. Respondent admitted knowing that his client pled guilty to a second offense domestic assault charge under 13 V.S.A. § 1044(a)(2) absent a prior conviction, yet he never raised the issue before the court; presumably because he thought it meritless.

¶ 12. Second, the State argued that 13 V.S.A. § 1044(a)(2) does not require a prior conviction for domestic assault, but can be satisfied by a prior offense. Respondent testified that he did not raise this issue because he agreed with the State's reading of the statute. That is no excuse. Respondent could and should have advocated for an alternative interpretation of § 1044(a)(2) without running afoul of V.R.C.P. 11. Even assuming his client had waived his right to challenge his conviction on this ground, respondent had a duty to bring the matter before the court.* As the Board pointed out, to respond effectively, respondent need only show that credible issues existed for the court's consideration, not that he would ultimately prevail on each question.

¶ 13. Finally, at a minimum, respondent should have asked the court to reassign the case for consideration by another judge. Despite his failure to attend the pretrial conference, respondent acknowledged that he knew the PCR petition was being heard by the same judge who sentenced Torres in violation

_____

* See our decision in *In re Torres*, 2004 VT 66, ¶¶ 9-11, 177 Vt. 507, 861 A.2d 1055 (mem.), as it relates to his client's appeal from the same criminal conviction referenced here.

of 13 V.S.A. § 7131. His only defense was that he did not think it was a problem and that disputing it "might cause further delay." There is no merit to this justification. Respondent had a duty to diligently advocate for his client, and his failure to do so violates Rule 1.3. No matter how foolish Torres's arguments might have seemed to him, respondent was not entitled to intentionally abandon his client's case. We hold that the Board's finding that respondent's conduct in this case violates Rule 1.3 of the Rules of Professional Conduct was clearly and reasonably supported by the evidence and we affirm.

¶ 14. When sanctioning attorney misconduct, we have adopted the ABA Standards for Imposing Lawyer Discipline which requires us to weigh the duty violated, the attorney's mental state, the actual or potential injury caused by the misconduct, and the existence of aggravating or mitigating factors. *In re Warren*, 167 Vt. 259, 261, 704 A.2d 789, 791 (1997). Suspension is generally appropriate when a lawyer knowingly fails to serve a client's interests causing real or potential injury or when a lawyer has been reprimanded previously for the same or similar conduct. See ABA Standard 3.0. Although they are not binding upon this Court, we give deference to the Board's recommendations regarding sanctions. *In re Gadbois*, 173 Vt. 59, 63, 786 A.2d 393, 396-97 (2001).

¶ 15. The Board recommended a two-month suspension based on findings that respondent's conduct was intentional and that he has faced three previous disciplinary actions, two of which involved a lack of diligence. Respondent does not challenge the Board's suggested sanction. We find the Board's recommendations regarding suspension clearly and reasonably supported by the evidence and thus we will not disturb them.

*Robert K. Andres is hereby suspended from the practice of law for a period of two months. The suspension will commence thirty days from the issuance of this order to allow Mr. Andres time to comply with A.O. 9, Rule 23.*