### In the Matter of Elaine P. BOYD, Respondent.

### No. 49S00–0705–DI–194.

Supreme Court of Indiana.

Sept. 3, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11). the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 1996, Respondent filed an employment discrimination lawsuit on behalf of about 21 clients in federal court. Respondent failed to meet deadlines set by local rule and court orders regarding class certification. Respondent failed to follow a case management plan, local rules, and court orders pertaining to discovery. Respondent cancelled a deposition at the last minute. Respondent filed a motion to compel discovery without complying with a local rule requiring counsel to certify the efforts taken to reach agreement on the disputed issue. In responding to an order to compel responses to interrogatories, Respondent made blanket objections with no effort to provide substantive information. Eventually, the defendants moved to dismiss the plaintiffs' complaint for failure to prosecute and as a sanction for failure to cooperate fully with discovery. In 1998, the court entered judgment dismissing the plaintiffs' case in its entirety with prejudice.

*Facts in mitigation.* During the relevant time period, now over ten years ago. Respondent experienced several adverse personal events. Respondent fully cooperated with the Commission's investigation of this matter.

*Facts in aggravation.* For prior misconduct. Respondent received an agreed private reprimand, *see Matter of Boyd,* 49S00–9309–DI–97 (Ind. October 26, 1993). and a private administrative admonition, *see Matter of Boyd,* 49S00–9808–DI–421 (Ind. August 4, 1998).

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

3.2: Failure to expedite litigation consistent with the interests of the client.

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

3.4(d): Failure to make reasonably diligent effort to comply with proper discovery request.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the discipline proposed by the parties. For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, all of which to be stayed, subject to one year of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

- The Respondent shall have in place measures designed to reasonably insure the timely and effective performance of the Respondent's professional duties.

- A monitoring attorney ("Monitor") selected by the parties shall provide guidance and supervision to Respondent. Respondent shall fully cooperate with the Monitor and provide monthly reports on her practice activities to the Monitor.

- The Monitor shall provide a quarterly written report to the Commission on Respondent's compliance with the terms and conditions of her probation.

- If Respondent violates the terms of her probation. Respondent shall be suspended from the practice of law for at least 90 days, after which Respondent may petition the Supreme Court to be reinstated pursuant EO Admission and Discipline Rule 23(4).

Respondent's probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.