2009 VT 82A

**In re PRB FILE NO. 2007-003**

[987 A.2d 273]

No. 08-433

¶ 1. August 20, 2009. We review, sua sponte, a Professional Responsibility Board (PRB) hearing panel decision that respondent attorney failed to promptly and fully comply with discovery while representing a corporate defendant in a complex litigation matter, in violation of Rules 1.3 and 3.2 of the Vermont Rules of Professional Conduct, and should be admonished as a consequence. We affirm the hearing panel's findings and penalty recommendation.

¶ 2. The facts were stipulated to by the parties. Respondent represented a large corporation, which was sued for an employee's alleged misdeeds that occurred decades prior to the litigation. The discovery plaintiff's counsel requested required examination and analysis of documentation that was stored in different locations and not well organized. Respondent's client did not have an effective file management system, and while much of the requested discovery material was provided to plaintiff, it was not always completely responsive to plaintiff's requests.

¶ 3. Respondent has substantial experience in the practice of law, but limited experience in complex litigation. He was not well enough organized to manage large and complex litigation. He essentially worked as a sole practitioner, with a part-time associate and a secretary. He often relied on his client to locate and produce the requested documentation, with no effective way to ensure that production was complete. In fact, the discovery produced was not always complete and plaintiff's counsel expended additional time and resources to determine what was missing from the production.

¶ 4. As the litigation progressed, plaintiff's counsel learned of documents that had not been produced in the pending case, but had been previously provided voluntarily to a state agency during a related investigation. These documents were clearly relevant to the litigation and should have been produced in discovery.

¶ 5. Respondent's failure to locate and produce in a timely manner all of the required documents was not for the purpose of delaying the litigation or obstructing access, but for a time did have that effect. Ultimately, discovery was completed with around 4000 pages of documents disclosed. Many of these docu-

ments were already available to plaintiff through discovery in other cases. The underlying case was settled in a manner favorable to the plaintiff. While the discovery dispute delayed plaintiff's positive outcome, it did not otherwise injure plaintiff.

¶ 6. Respondent has no prior disciplinary record, cooperated with disciplinary counsel, and had no selfish or dishonest motive in failing to promptly and fully comply with the discovery requests. The discovery difficulties were the result of disorganization on the part of both respondent and his client, as well as respondent's lack of experience in complex litigation and his failure to promptly secure from the client funding for more assistance.

¶ 7. When reviewing PRB panel decisions, we accept the panel's findings of fact unless they are clearly erroneous. *In re Andres*, 2004 VT 71, ¶ 9, 177 Vt. 511, 857 A.2d 803 (mem.); A.O. 9, Rule 11(E). Further, while we ultimately determine what sanctions are appropriate, the panel's recommendations are accorded deference. *In re Berk*, 157 Vt. 524, 528, 602 A.2d 946, 948 (1991) (per curiam).

¶ 8. We affirm the PRB's decision that respondent violated Rules 1.3 and 3.2 of the Vermont Rules of Professional Conduct. Rule 1.3 requires that an attorney "act with reasonable diligence and promptness in representing a client." Rule 3.2 requires that an attorney "make reasonable efforts to expedite litigation consistent with the interests of the client." Respondent failed to be prompt and diligent in his representation because he failed to manage in a timely manner the extensive discovery demands of this case. See, e.g., *In re Boyd*, 894 N.E.2d 562, 562-63 (Ind. 2008) (finding violation of rule identical to Rule 1.3 for failing to comply with court orders pertaining to discovery and for not cooperating fully with discovery process); Restatement (Third) of the Law Governing Lawyers § 110(3) (2000) (providing that a lawyer may not "fail to make a reasonably diligent effort to comply with a proper discovery request of another party"). Respondent's failure to attend to discovery in a timely manner was inconsistent with his duty to make reasonable efforts to expedite the litigation consistent with his obligation to his client. See, e.g., *Terrell v. Miss. Bar*, 635 So. 2d 1377, 1387 (Miss. 1994) (en banc) (finding violation of rule identical to Rule 3.2 for failure to respond to correspondence regarding discovery requests and failure to follow court's order mandating compliance with discovery requests). Respondent apparently agreed with this analysis because he conceded that he had violated both rules.

¶ 9. While the hearing panel found that respondent had violated Rules 1.3 and 3.2, it found that the circumstances of the violations mitigated the appropriate sanction. We agree with the panel on the sanction, as we discuss below, but we stress that the mitigating circumstances are in no sense a defense to the violations. Respondent was in over his head, conducting litigation for which he had neither the resources nor the competency. In such a circumstance, the proper course of action is to decline the representation or to withdraw in favor of competent counsel. See, e.g., *In re Wolfram*, 847 P.2d 94, 101 (Ariz. 1993) (en banc) ("A lawyer must not accept representation if the lawyer's workload prohibits handling a matter in compliance with our professional rules. If Respondent was too busy to provide competent, diligent representation, he should have either hired adequate help or refused the case — and the fee." (citation omitted)); *Comm. on Prof'l Ethics & Conduct v. Pracht*, 505 N.W.2d 196, 198 (Iowa 1993) ("In rejecting this lack of knowledge excuse, we remind practitioners that, should they accept work in an area in which they are unfamiliar, they bear the responsibility to perform the work competently."). It is also unacceptable for

a lawyer to stop discharging obligations to the court and adversaries in litigation as the result of the lawyer's failure to ensure the availability of sufficient funding from the client. Our sanction determination should not be seen as a minimization of the seriousness of these violations.

¶ 10. The PRB panel determined that admonition was the appropriate sanction for these violations. We concur in this conclusion. Administrative Order 9 provides that admonition is appropriate "[o]nly in cases of minor misconduct, when there is little or no injury to a client, the public, the legal system, or the profession, and when there is little likelihood of repetition by the lawyer." A.O. 9, Rule 8(A)(5). When sanctioning attorney misconduct, we have looked to the American Bar Association's Standards for Imposing Lawyer Sanctions (1992) (ABA Standards) for guidance. See *Andres*, 2004 VT 71, ¶ 14. The ABA Standards contain recommended sanctions for ethical violations and identify four factors that courts should weigh when determining whether the recommended sanction is appropriate. The four factors are the duty violated, the lawyer's mental state, the actual or potential injury caused by the misconduct, and the existence of aggravating or mitigating circumstances. ABA Standards § 3.0. The ABA Standards typically recommend admonition if the conduct is an isolated instance of negligence that causes little or no actual or potential injury. *Id.* §§ 4.44, 6.24.

¶ 11. Respondent's conduct did not result in actual substantial harm to his client, the public, the legal system, or the profession. Plaintiff in the underlying litigation ultimately received all the requested discovery documentation and achieved a favorable settlement of his claim. The parties have stipulated that respondent now recognizes that his responses to the discovery requests were inadequate, and "there is little likelihood of repetition by the lawyer." Respondent's

violations were not intentional; his omissions resulted from disorganization, over-reliance on his client, and his lack of experience in complex litigation — but not from an intent to conceal these documents. Further mitigating respondent's actions, he has no prior disciplinary record and fully cooperated in the disciplinary proceedings. See *id.* § 9.32(a), (e). Under these circumstances, we conclude that the misconduct was minor and that admonition is the appropriate sanction.

*Affirmed.*