2014 VT 94

## In re Katherine Z. POPE, Esq.

[101 A.3d 1284]

No. 14-119

¶ 1. August 1, 2014. In this reciprocal attorney-discipline proceeding we must decide whether to impose the same sanction — a two-year suspension from the practice of law — as that imposed by the State of New York against respondent Katherine Z. Pope, Esq. For the reasons set forth below, we conclude that the record warrants imposition of the identical discipline in Vermont.[1]

¶ 2. In April 2014, disciplinary counsel for the Professional Responsibility Board notified the Court that respondent — an attorney admitted to the practice of law in the states of New York and Vermont — had received a two-year suspension from the

_____

[1] The record in this matter includes disciplinary counsel's Notification of Discipline in Another Jurisdiction; the State of New York disciplinary order, dated November 6, 2013; the Special Referee's Report to the New York Grievance Committee; respondent's Memorandum of Law and attachments; disciplinary counsel's responsive memorandum; a partial transcript of the New York criminal trial; and a letter, dated January 13, 2012, from the presiding judge in the New York criminal trial.

practice of law in New York based on a conviction of the offense of identity theft in the third degree, a class A misdemeanor, contrary to N.Y. Penal Law § 190.78.

¶ 3. Pursuant to A.O. 9, Rule 20.B(2), we issued an order directing respondent to inform the Court within thirty days of any claim that imposition of the identical discipline in Vermont would be unwarranted and the reasons therefore. Paragraph D of Rule 20 provides that the Court "shall impose the identical discipline" imposed in another jurisdiction unless it clearly appears from the record from which the discipline is predicated, or either party demonstrates, that:

> (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or
>
> (3) The imposition of the same discipline by the Court would result in grave injustice; or
>
> (4) The misconduct established warrants substantially different discipline in this state.

A.O. 9, Rule 20.D.

¶ 4. On May 15, 2014, respondent filed her response. Based on her recitation of the facts underlying the criminal offense, she argued that imposition of the identical discipline would be unwarranted for reasons (2), (3), and (4) of Rule 20.D. In summary, she stated that the criminal charges arose from her efforts to help an elderly friend liquidate various stock holdings necessary to pay for her friend's care, and to that end respondent made a number of telephone calls in which she identified herself as her friend to obtain

information necessary to facilitate the transactions. Respondent also stated that some of the funds her friend obtained during this period, in the amount of $750,000, were loaned to respondent's husband and used by respondent and her husband to purchase real property, secured by a promissory note and tenancy in common in respondent's home.

¶ 5. The record shows that, based on these transactions, respondent was charged in New York with grand larceny and identity theft in the first degree, both felonies. During the ensuing trial, however, respondent agreed to plead guilty to an amended misdemeanor charge of identity theft in return for a sentence of three years on probation, a $160 fine, and dismissal of the felony charges. Respondent asserts that the evidence at trial largely exonerated her from the more serious criminal charges, and alleges that she entered the plea solely due to her husband's deteriorating health and their increasing legal expenses. She denied in her pleading, and at a subsequent hearing before this Court, that she engaged in any unethical conduct, and argues that imposition of the identical discipline is unwarranted.

¶ 6. Disciplinary counsel has filed a response to respondent's memorandum. Disciplinary counsel disagrees with respondent's implicit assertion that there was "an infirmity of proof establishing the misconduct" under Rule 20.D(2), observing that respondent entered a voluntary plea of guilty to the offense of identity theft in which she admitted to having engaged in dishonest conduct by impersonating her friend. Disciplinary counsel does not take a position on whether imposition of the identical discipline would result in a "grave injustice" under Rule 20.D(3).

¶ 7. Based on her review of the criminal matter that led to respondent's misdemeanor conviction, however, disciplinary counsel maintains that the misconduct does warrant "substantially different discipline in this state" under Rule 20.D(4),

and thus "joins with [respondent] to request that this Court impose substantially different discipline here." Disciplinary counsel recommends a public reprimand. Respondent has filed a letter with the Court concurring in that recommendation.

¶ 8. Although seemingly narrow in scope, no matter that comes before this Court commands more concern or attention than that of attorney misconduct. The subject raises issues of the most serious nature regarding the integrity of the bar, the safeguarding of client interests, and the preservation of public confidence in the legal profession, its commitment to the maintenance of high ethical standards, and its capacity to respond to ethical transgressions. Disciplinary counsel for the Professional Responsibility Board plays a crucial role in this regard, and counsel's views in this case — as in all proceedings within the scope of her office — warrant the strongest consideration. Nevertheless, it is this Court that bears ultimate responsibility for upholding the public trust exercised by attorneys, and this Court that must answer when that trust is violated.

¶ 9. Turning to this case, we conclude that respondent has not established such an infirmity of proof as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final New York's sanction, that imposition of the same discipline by this Court would result in grave injustice, or that the misconduct established warrants substantially different discipline in this state.

¶ 10. Respondent pled guilty to the offense of identity theft in the third degree, admitting under oath at her change of plea hearing that she "knowingly, and with intent to defraud, assume[d] the identity of" another, and by so doing "obtain[ed] property that belonged to" that person. As disciplinary counsel recognizes, this offense represents a clear violation of Rule of Professional Conduct 8.4(b), which provides that it is professional misconduct to engage in a "serious

crime," defined to include any felony or "lesser crime a necessary element of which involves . . . intentional misrepresentation, fraud, [or] deceit." Respondent pled guilty to the offense of identity theft, involving an element of intentional misrepresentation as well as an intent to defraud — clearly a serious crime in violation of the rule. We are not persuaded by the record before us that accepting as well founded this guilty plea, with its constituent elements of fraud and misrepresentation, would result in grave injustice.

¶ 11. That leaves us with the question of whether the misconduct warrants substantially different discipline in this state. We agree with disciplinary counsel that this matter is most usefully analyzed with reference to Rule 5.1 of the ABA Standards for Imposing Lawyer Sanctions, which provides guidelines for conduct "involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit, or misrepresentation." See *In re Warren*, 167 Vt. 259, 261, 704 A.2d 789, 791 (1997) (noting that we have often "looked to the American Bar Association's Standards for Imposing Lawyer Sanctions . . . for guidance"). Rule 5.12 provides that "[s]uspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 [providing for disbarment] and that seriously adversely reflects on the lawyer's fitness to practice."[2] Rule 5.13

provides that a reprimand is appropriate for "any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law."

¶ 12. Assessed in light of these standards and the record presented, we conclude that the two-year suspension imposed by New York was fully warranted. There is no question here that respondent engaged in deceptive behavior that "seriously adversely reflects on [her] fitness to practice." ABA Standards, Rule 5.12. "Fitness to practice" implicates a variety of capacities, not the least of which is the understanding that an attorney occupies a position of public trust, and "has a duty to the profession and the administration of justice, especially to uphold the laws of the state in which he [or she] practices." *In re Berk*, 157 Vt. 524, 531, 602 A.2d 946, 949 (1991) (quotation omitted). Respondent had been an attorney in New York since 1988 as well as a town justice in New York for several years, and should have known that her behavior in this matter was not only illegal but — equally important — would reflect negatively on her professional judgment, raise serious concerns about potential conflicts of interest, and undermine the public's confidence in the integrity of the legal profession.

¶ 13. In support of the lesser sanction of public reprimand, disciplinary counsel posits that respondent's conduct, however misguided, did not "seriously" adversely

---

[2] Rule 5.11 provides that disbarment is generally appropriate for "serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of

another." Although disciplinary counsel dismisses the applicability of this rule on the ground that respondent did not engage in "serious criminal conduct" within the meaning of the section, this conclusion appears to be somewhat at odds with counsel's simultaneous acknowledgment that respondent committed a "serious crime" in violation of Rule of Professional Conduct 8.4(b), particularly where a defining component of both provisions is the element of misrepresentation.

reflect on her fitness because it was "not to defraud anyone." The argument is fundamentally at odds with respondent's guilty plea, in which she admitted to the court to having assumed another's identity "with intent to defraud" and by so doing "obtain[ed] property that belonged" to another. Respondent's argument to this Court that it was a mere plea of convenience is unsupported by the underlying evidence. Respondent argues on the basis of testimony from a representative of the financial institution to whom she made the offending representation that she did not secure funds as an immediate result of the misrepresentation that gave rise to the charge to which she pled. She also acknowledges that that call was part of an extended process, that included instruction letters signed by her friend, to help her friend liquidate stocks so that the friend could ultimately loan respondent's husband money. From what we can discern from the record before us, whether respondent was thus engaged in improper self-dealing when she made the offending misrepresentation was and is very much in dispute. Given her own acknowledgment to the New York court that she engaged in misrepresentations with intent to defraud, as well as the undisputed circumstances surrounding her efforts to liquidate the stock holdings, we conclude that respondent has not met the very heavy burden of persuading this Court that her admissions in that proceeding were unwarranted.[3]

¶ 14. Nor are we persuaded that precedent supports a public reprimand. As

disciplinary counsel notes, we have not decided any case precisely on point, but we have recently imposed a two-year suspension in a case worth noting. In re Neisner, 2010 VT 102, 189 Vt. 145, 16 A.3d 587. There, as here, the respondent violated V.R.Pr.C. 8.4(b), in that case by providing false information to a police officer investigating a traffic accident. Id. ¶ 13. There, as here, the respondent's criminal conduct "reflected adversely on his honesty and trustworthiness," and violated his fundamental "obligation to the public" to uphold the law. Id. ¶ 15. There, as here, the respondent acted knowingly and intentionally, and, most important, there — as here — the respondent's misconduct undermined public confidence in the integrity of the bar and the administration of justice. Id. ¶ 17. Moreover, although the attorney in Neisner, like respondent here, had no prior disciplinary record, was generally cooperative, and had a record of community service, we concluded that a two-year suspension was necessary and sufficient to protect the public, maintain public confidence in the profession, and deter other attorneys from engaging in misconduct. Id. ¶ 24.[4] We reach the same conclusion here.[5]

---

[3] We note some irony in respondent's argument that she did not *really* engage in misrepresentation with intent to defraud; she merely misrepresented that fact to the court. Although the respondent has suggested that the New York plea was not supported by a factual basis, and that she entered into the plea under duress, the record does not reflect any effort on her part to set aside that plea.

[4] One difference between the attorney in Neisner and respondent is that the former admitted his ethical misconduct and demonstrated at least "some level of remorse," 2010 VT 102, ¶ 21, while respondent here maintains that she "did not violate any ethical duty to the individual involved, let alone the general public."

[5] We base our decision to apply reciprocal discipline in this case on the charge and record before this Court. To the extent that other potential ethical violations arose during the argument in this case — in particular respondent's admission that she drafted a will for her friend that included respondent as a beneficiary — our decision does not rest on this uninvestigated and uncharged conduct.

*Respondent is hereby suspended from the practice of law in Vermont for a period of two years, commencing on the date of this order. Respondent shall comply with all of the requirements of A.O. 9, Rule 23.*[6]

---

[6] Chief Justice Reiber was present for oral argument but did not participate in this decision.