NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2025 VT 14

SUPREME COURT CASE NO. 25-AP-019

MARCH TERM, 2025

| | |
|---|---|
| In re Matthew Ragaller<br>(Office of Disciplinary Counsel, Appellant) | } Original Jurisdiction<br>}<br>} Professional Responsibility Board<br>}<br>} CASE NO. PRB-083-2025 |

In the above-entitled cause, the Clerk will enter:

¶ 1.     On January 23, 2025, the Court received notice from Disciplinary Counsel that respondent Matthew Ragaller, an attorney admitted to practice in Vermont, was disbarred in North Carolina in 2015. Respondent consented to that disbarment. Under our rules, the Court imposes the same discipline as North Carolina absent a showing, predicated on the grounds set forth in Administrative Order 9, Rule 24(D), "that the imposition of the identical discipline . . . would be unwarranted." A.O. 9, Rule 24(B)(2). Respondent advocates for the imposition of a lesser sanction; Disciplinary Counsel argues that identical discipline is warranted. As set forth below, we conclude that the imposition of identical discipline is appropriate and we therefore disbar respondent from practicing in Vermont as of the date of this order.

¶ 2.     The North Carolina disbarment order recounts the following. Respondent was admitted to practice in North Carolina in 2004 and practiced in North Carolina thereafter. He acted as an administrator for the estate of a client, L.S. Between November 2009 and September 2011, respondent misappropriated $21,500 of funds entrusted to him on behalf the estate by disbursing them to himself without court authorization. Between February 2011 and February 2012, respondent filed false and inaccurate accountings for the estate with the court clerk. On August 22, 2013, the court approved legal fees related to services respondent provided for the L.S. estate in the amount of $18,232.50.

¶ 3.     The North Carolina court concluded that by misappropriating funds from the L.S. estate, respondent used entrusted property for the benefit of someone other than the legal or beneficial owner in violation of North Carolina Rule of Professional Conduct 1.15-2(j) and he engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of North Carolina Rule of Professional Conduct 8.4(c). He also engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rule 8.4(c) by filing false and inaccurate

accountings with the court clerk. His misconduct constituted grounds for discipline and warranted disbarment. The court accepted respondent's surrender of his license and disbarred him. Respondent did not notify Vermont Disciplinary Counsel that he was disciplined in another state as required Rule 24(A).

¶ 4. Under our rules,

> [T]he Court shall impose the identical discipline unless the Court finds that <u>upon the face of the record from which the discipline is predicated</u> it clearly appears, or disciplinary counsel or the lawyer demonstrates, that:
>
> (1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or
>
> (3) The imposition of the same discipline by the Court would result in grave injustice; or
>
> (4) The misconduct established warrants substantially different discipline in this state.
>
> If the Court determines that any of these elements exists, it shall enter such other order as it deems appropriate.

A.O. 9, Rule 24(D) (emphasis added). Absent the required showing under Rule 24(D), the imposition of discipline for misconduct in another jurisdiction "establish[es] conclusively the misconduct" for the purpose of imposing the identical discipline in this State. A.O. 9, Rule 24(E).

¶ 5. Respondent contends that the imposition of the same discipline by the Court would result in grave injustice and that the established misconduct warrants substantially different discipline in Vermont. Respondent offers an explanation for his behavior and for his decision to consent to disbarment in North Carolina. He relies heavily on allegations that are not part of the "face of the record from which the discipline is predicated." A.O. 9, Rule 24(D). There are no findings by the North Carolina court supporting respondent's explanations for his conduct. Relying on his version of events, respondent argues that the appropriate reciprocal discipline is a public reprimand and possibly probation.

¶ 6. In support of his arguments, respondent cites to the American Bar Association Standards for Imposing Lawyer Sanctions. See Ctr. for Pro. Resp., Am. Bar Ass'n, Standards for Imposing Lawyer Sanctions (1986) (amended 1992) [hereinafter ABA Standards]. With respect to the first two violations, he asserts that he did not intend to convert client funds. He contends that he acted negligently with respect to keeping track of his time and his entitlement to fees and

he improperly relied upon his assistants to tell him if there were sufficient funds in the estate account to cover proposed disbursements, without ensuring that court approval was obtained before disbursing funds. Respondent acknowledges that his actions harmed the estate. Based on his analysis under the ABA Standards, respondent maintains that a reprimand is an appropriate reciprocal sanction. He also argues that there are mitigating factors present, such as the absence of other disciplinary history, the absence of evidence of a selfish or dishonest motive, admission of fault, his efforts to remedy the problem by subsequently filing a petition for payment of fees with the court, his relative inexperience at the time in the practice of law, and his good reputation. Respondent further asserts that he is remorseful, the penalty imposed in North Carolina was arguably more severe than it should have been, and he has not engaged in additional misconduct since he was disbarred. As an aggravating factor, respondent notes his failure to disclose his disbarment to Disciplinary Counsel in Vermont, although he asserts that he was unaware of his obligation to do so and believed the court would inform other jurisdictions where he was licensed. Respondent engages in a similar analysis with respect to his violation for submitting inaccurate accountings to the North Carolina court. He argues that he acted negligently and he acknowledges causing harm. He maintains that this behavior, including consideration of mitigating factors, warrants a reprimand.

¶ 7. Disciplinary Counsel asks the Court to impose the same discipline as North Carolina. He maintains that "upon the face of the record" established in the North Carolina court, it does not "clearly appear[]" that the imposition of identical discipline upon respondent would be unwarranted based on the grounds set forth in Rule 24(D). Disciplinary Counsel cites In re Palmisano, where this Court explained that "[i]n considering reciprocal discipline, we are limited to the face of the record from which the discipline is predicated, and we do not consider any explanations or evidence not found in the [out-of-state] record." 2017 VT 94, ¶ 3, 205 Vt. 636, 177 A.3d 1105 (mem.) (quotation omitted); see also In re Pope, 2014 VT 94, ¶ 1 n.1, 197 Vt. 638, 101 A.3d 1284 (mem.) (discussing documents comprising "record" in reciprocal discipline matter). Disciplinary Counsel notes that respondent's memorandum and supporting exhibits contain explanations and "evidence" that are not found in the North Carolina "record from which the discipline is predicated." A.O. 9, Rule 24(D). Disciplinary Counsel states that respondent could have presented these explanations to the North Carolina court ten years ago, but did not do so. Instead, respondent, with the assistance of counsel, conceded his misconduct and agreed that he should be disbarred. Respondent specifically admitted to personally "misappropriating" estate funds in violation of Rule 8.4(c), which Disciplinary Counsel contends is, by definition under North Carolina (and Vermont) law, knowing or intentional misconduct, tantamount to the crime of "embezzlement," and not mere "negligence" as respondent argued. Disciplinary Counsel maintains that respondent's attempt to present new evidence and explanations contravenes Rule 24(D) and is inconsistent with his factual admissions and consent to disbarment in North Carolina. and it should therefore be rejected.

¶ 8. Disciplinary Counsel further argues that the imposition of the same discipline would not result in "grave injustice" because respondent consented to his North Carolina disbarment and his admitted misconduct warranted disbarment under North Carolina law. Disciplinary Counsel states that "the 'grave injustice' showing required to vacate or modify a reciprocal order of discipline does not focus on the effect of the reciprocal order but on the original order and whether the severity of the punishment imposed by the first court 'fits' the misconduct." In re Thav, 852 F. Supp. 2d 857, 861-62 (E.D. Mich. 2012) (emphasis added) (citing cases); see

also In re Kramer, 282 F.3d 721, 727 (9th Cir. 2002) (explaining that "[i]n reviewing a reciprocal disbarment, we do not re-try an attorney for misconduct," but instead "inquire only whether the punishment imposed by another disciplinary authority or court was so ill-fitted to an attorney's adjudicated misconduct that reciprocal disbarment would result in grave injustice"); In re Attorney Discipline Matter, 98 F.3d 1082, 1088 (8th Cir. 1996) (approving reciprocal federal disbarment because disbarment imposed by Missouri Supreme Court "was within the appropriate range of sanctions" under Missouri law and court was "not in a position, nor authorized, to second-guess the highest state court on the sanctions it imposes" (quotation omitted)). Disciplinary Counsel asserts that, as a threshold matter, disbarment is well within the appropriate range of sanctions for respondent's admitted misappropriation and false accountings under North Carolina law because respondent consented to his disbarment. See State v. Ray, 194 S.E. 472, 473-74 (N.C. 1938) (disbarred lawyer cannot "complain of the revocation of his license to practice law" where it "was done with the defendant's consent"). Even if he had not consented, Disciplinary Counsel argues that respondent's disbarment would be a fitting and appropriate sanction for his misconduct under North Carolina's standards for the imposition of discipline.

¶ 9.    Finally, Disciplinary Counsel argues that respondent fails to show that the misconduct established in North Carolina "warrants substantially different discipline in this state." A.O. 9, Rule 24. He notes that "there is a presumption that this Court will impose the same sanction as that imposed in a different state." Palmisano, 2017 VT 94, ¶ 16. He states that analysis of the "substantially different discipline" exception to this principle may be undertaken with a two-step inquiry. See In re Salo, 48 A.3d 174, 178 (D.C. 2012). First, the Court may determine if respondent's misconduct would have likely resulted in disbarment in Vermont, as it did in North Carolina, or instead received a different sanction. See id. Second, if the discipline imposed in Vermont probably would have been different than that in North Carolina, the Court may then decide if the difference between the two is "substantial." See id.

¶ 10.    Applying this approach, Disciplinary Counsel asserts that it is reasonably apparent that had respondent's admitted misappropriation of estate funds and false accountings to the court overseeing the estate disbursements been committed in Vermont, it would have been sanctioned through disbarment, on either a consented or contested basis. Even if respondent could have avoided disbarment in Vermont, Disciplinary Counsel argues that respondent would have likely received a multi-year suspension that would not have been "substantially different" than disbarment, from which a lawyer may seek reinstatement after five years. A.O. 9, Rule 26(A). Disciplinary Counsel asserts that this Court has consistently approved the consented disbarments of lawyers who have admitted to misappropriation of entrusted funds. See In re Ruggiero, 2006 VT 39, ¶¶ 1-2, 179 Vt. 636, 898 A.2d 1251 (mem.) (approving consented disbarment for attorney who admittedly misappropriated funds); In re Sinnott, 2005 VT 109, 178 Vt. 646, 891 A.2d 896 (mem.) (same); In re McGinn, 2005 VT 71, ¶¶ 1-3, 178 Vt. 604, 877 A.2d 688 (mem.) (same); In re Lane, 174 Vt. 550, 550-51, 811 A.2d 207, 207-09 (2002) (mem.) (same).

¶ 11.    We agree with Disciplinary Counsel that respondent failed to make the necessary showing under Rule 24(D) based on the face of the record upon which discipline was imposed. As recognized in the Annotated Standards for Imposing Lawyer Sanctions, "[t]he purposes of reciprocal discipline are to prevent a lawyer admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another jurisdiction, to prevent relitigation of misconduct that already has been established in another jurisdiction, and to protect the public

4

from lawyers who commit such misconduct." E. Rosen, <u>Annotated Standards for Imposing Lawyer Sanctions</u>, Standard 2.9, 112 (2d ed. 2019). This is not the appropriate place to relitigate the consented-to sanction imposed in North Carolina. Respondent relies on materials and arguments that are not part of the North Carolina disciplinary record. Respondent's explanation of his behavior in North Carolina comes too late. He waived these arguments by not raising them to the North Carolina court in 2015 and allowing that court the opportunity to consider them, and by agreeing that disbarment was the appropriate sanction for his misconduct. On the face of the available record, we reject the argument that imposition of a similar punishment would be a grave injustice or that the "misconduct established warrants substantially different discipline in this state." A.O. 9, Rule 24(D)(4). We thus impose the same discipline as North Carolina and disbar respondent from the practice of law in Vermont effective as of the date of this order.

<u>Respondent is hereby disbarred from the practice of law in Vermont as of the date of this order. Respondent shall comply with the requirements of Administrative Order 9, Rule 27.</u>

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice