NOTICE: This entry order is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

## ENTRY ORDER

2026 VT 23

SUPREME COURT CASE NO. 26-AP-157

JUNE TERM, 2026

| | |
|---|---|
| In re Jessica Wilson (Office of Disciplinary Counsel) | } Original Jurisdiction }<br>} Professional Responsibility Board }<br>} CASE NO. PRB-043-2026 |

In the above-entitled cause, the Clerk will enter:

¶ 1.     On April 29, 2026, the Court received notice that respondent Jessica Wilson, an attorney admitted to practice in Vermont, was publicly reprimanded in the State of Connecticut. In a July 2025 decision, the Connecticut Statewide Grievance Committee found that respondent violated Rules 8.4(1) and 8.4(4) of the Rules of Professional Conduct, and she also committed misconduct by failing to timely respond to the grievance complaint against her. It publicly reprimanded respondent and, based on its conclusion that respondent engaged in unethical conduct, directed her to engage in continuing legal education in legal ethics within a certain timeframe. Respondent did not notify the Vermont Office of Disciplinary Counsel that she was disciplined in Connecticut as required by Administrative Order 9, Rule 24(A) ("Upon being disciplined in another jurisdiction, a lawyer admitted to practice in Vermont shall promptly inform disciplinary counsel of such action.").

¶ 2.     Our rules provide that thirty days after receiving notice that a Vermont-licensed attorney has been disciplined in another jurisdiction, this Court "shall impose the identical discipline unless the Court finds that upon the face of the record from which the discipline is predicated it clearly appears, or disciplinary counsel or the lawyer demonstrates," that such discipline would be unwarranted under the grounds set forth in Administrative Order 9, Rule 24(D)(1) through (4). A.O. 9, Rule 24(D). Accordingly, this Court issued an order providing respondent and disciplinary counsel the opportunity to inform the Court within thirty days of any claim that the imposition of identical discipline by this Court would be unwarranted on such grounds. Absent the required showing under Rule 24(D), the imposition of discipline for misconduct in another jurisdiction "establish[es] conclusively the misconduct" for the purpose of imposing the identical discipline in this State. A.O. 9, Rule 24(E).

¶ 3. Rule 24(D) identifies the following grounds for deviating from the discipline imposed by another jurisdiction:

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in this state.

If the Court determines that any of these elements exists, it shall enter such other order as it deems appropriate.

¶ 4. Respondent responded to this Court's order. As relevant to the question before the Court, her response essentially attempts to relitigate the merits of the Connecticut decision. She raises arguments that the Connecticut Statewide Grievance Committee considered and rejected. Respondent also suggests that she has been punished enough, and it would be "entirely unwarranted" to impose reciprocal discipline in Vermont.

¶ 5. Respondent fails to show that any of the factors set forth in Rule 24(D) exist here and we therefore impose identical discipline to that imposed in Connecticut. As we have explained, reciprocal discipline serves " 'to prevent a lawyer admitted to practice in more than one jurisdiction from avoiding the effect of discipline by simply practicing in another jurisdiction, to prevent relitigation of misconduct that already has been established in another jurisdiction, and to protect the public from lawyers who commit such misconduct.' " In re Ragaller, 2025 VT 14, ¶ 11, 220 Vt. 642, 336 A.3d 316 (mem.) (quoting E. Rosen, Annotated Standards for Imposing Lawyer Sanctions, Standard 2.9, 112 (2d ed. 2019)). Although respondent may disagree with the Connecticut decision, it is not subject to relitigation here. "There is a presumption," moreover, "that this Court will impose the same sanction as that imposed in a different state." In re Palmisano, 2017 VT 94, ¶ 16, 205 Vt. 636, 177 A.3d 1105 (mem.). Respondent's contention that she has been "punished enough" is at odds with our rules governing lawyer discipline. As an initial matter, a sanction is not punishment. See In re Manby, 2023 VT 45, ¶ 46, 218 Vt. 323, 308 A.3d 465 ("The purpose of sanctions is not to punish attorneys, but rather to protect the public from harm and to maintain confidence in our legal institutions by deterring future misconduct."). Our rules expressly provide for the imposition of reciprocal discipline in service of the purposes identified above.

¶ 6. To the extent respondent argues that imposing reciprocal discipline is unfair, she fails to show that "imposition of the same discipline by the Court would result in 'grave injustice.' " A.O. 9, Rule 24(D)(3); see, e.g., In re Thav, 852 F. Supp. 2d 857, 861-62 (E.D. Mich.

2012) (explaining that " 'grave injustice' showing required to vacate or modify a reciprocal order of discipline does not focus on the effect of the reciprocal order but on the original order and whether the severity of the punishment imposed by the first court 'fits' the misconduct" and citing cases).

¶ 7. Finding no basis in the record to conclude that the imposition of identical discipline in this state would be unwarranted, an order imposing a public reprimand is accordingly entered.

Respondent Jessica E. Wilson is publicly reprimanded.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Nancy J. Waples, Associate Justice

_____
Christina E. Nolan, Associate Justice

_____
Michael P. Drescher, Associate Justice

3